UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRZESLO,<br><br>              Plaintiff,<br><br>    v.<br><br>BRYAN D. PHILLIPS, et al.,<br><br>              Defendants. | No.  1:24-cv-00615-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 19) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second amended complaint, filed September 10, 2024.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names Dr. Idalberto Zaldivar-Galves as the sole Defendant. Dr. Idalberto Zaldivar-Galves has never physically assessed or examined Plaintiff at any time during his incarceration at the Substance Abuse Treatment Facility and State Prison (SATF).

Plaintiff has been denied his hearing aids for his 95% hearing deficit. Plaintiff requires surgery as recommended by neurosurgeon for cervical radiculopathy. Defendant has cancelled the procedure without notification or reason for the past three years. Plaintiff suffers from right testicular hydrocele and Defendant has cancelled all hydrocele surgery. Plaintiff has glaucoma-cataracts bilateral and was refused treatment by Defendant.

Plaintiff states, "ADA inmates, hemiplegic R upper to lower side of body; paralyzed; wheelchair confined; atrophy of brain and right body-no treatment. Hemorrhagic stroke in 2018 in routine dental procedure too much of wrong medications injected. Grand mal seizure by history, denied any treatment by Defendant-no physical therapy." (ECF No. 11 at 9.)

"History of seizures no treatment. Last seizure 2018." (ECF No. 11 at 10.)

"Confirmed Parkinson's involuntary movement of left left/foot; spams/twitching to 3 fingers right hand. Some memory loss due to brain atrophy. All correlating treatment denied, misordered or cancelled. Defendant very much aware of Plaintiff medical history and medical char. Shows unconcern and questionable medical ethics." (ECF No. 11 at 10.)

Defendant claims verbally and documented in writing dozens of time that he is a physical and surgeon. Supporting facts and independent investigation shows Idalberto Zaldivar-Galves has and continued to falsify his medical credentials. Records indicate that Idalberto Zaldivar-Galves is affiliated with Adventist Hospital located in Bakersfield in family medicine. However, he does not work at Adventist Hospital and is not a surgeon.

### III.

### DISCUSSION

**A.    Denial of Medical Treatment**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

1   "A difference of opinion between a physician and the prisoner – or between medical
2   professionals – concerning what medical care is appropriate does not amount to deliberate
3   indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989),
4   overruled in part on other grounds, Peralta, 744 F.3d at 1082-83; Wilhelm, 680 F.3d at 1122-23
5   (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that
6   the course of treatment the doctors chose was medically unacceptable under the circumstances
7   and that the defendants chose this course in conscious disregard of an excessive risk to [his]
8   health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks
9   omitted).)  In addition, "[m]edical malpractice does not become a constitutional violation merely
10  because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow, 681 F.3d at
11  987-88, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d at 1082-83; Wilhelm, 680
12  F.3d at 1122.
13        Here, despite previous advisement and amendment, Plaintiff continues to present
14  unsupported conclusory assertions of denial of medical treatment and/or assistance.  There are no
15  facts in the second amended complaint that suggest that the multitude of Plaintiff's alleged
16  medication conditions were ignored by Defendant Dr. Idalberto Zaldivar-Galves.[1]  The
17  allegations merely suggest that Plaintiff disagrees with the medication and treatment being
18  provided or not provided.  At best, this amounts to mere negligence on behalf of Defendant Doe,
19  which is insufficient to state a deliberate indifference claim. Farmer v. Brennan, 511 U.S. 825,
20  835 (1994).  Further, disputes as to the appropriate medical treatment do not rise to the level of a
21  Constitutional violation. See Sanchez v. Vild, 891 F.2d at 242.  Plaintiff was previously advised
22  of the appropriate Eighth Amendment legal standard governing his claim in this Court's prior
23  screening order and has not cured the deficiencies previously identified by the Court.

---

[1] The Court need not accept conclusory allegations without supporting factual averments. Southern Disposal, Inc., v. Texas Waste, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, support by mere conclusory statements. Iqbal, 556 U.S. at 663. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " Iqbal, 556 U.S. at 678 (citation omitted).

### B. Falsification of Medical Credentials

Plaintiff alleges that Dr. Idalberto Zaldivar-Galves engaged in the unauthorized practice of medicine. Plaintiff cites California Business and Professions Code sections 2054, 2264, 2274, 2392, in support of his claim.

Under California Business and Professions Code § 2274, the use of any letters or terms falsely indicating the authority to practice medicine when not licensed to do so constitutes unprofessional conduct. Section 2264 prohibits as unprofessional conduct "[t]he employing directly or indirectly, the aiding, or the abetting of any unlicensed person … to engage in the practice of medicine [without a license]…." Cal. Bus. & Prof. Code § 2264. Section 2054 prohibits the use of terms or letters falsely indicating the right to practice medicine. Cal. Bus. & Prof. Code § 2054.

By citing the above section, Plaintiff is attempting to bring a claim against Dr. Idalberto Zaldivar-Galves for engaging in the unauthorized practice of medicine. However, under California law, there is no private right of action for the unauthorized practice of medicine. The unlawful practice of medicine is a criminal offense. Cal. Bus. & Prof. Code, § 2052. In addition, the California Medical Board is authorized to investigate complaints of unauthorized practice of medicine. See, e.g., Cal. Bus. & Prof. Code, § 2220.5, et seq. Accordingly, this claim should be dismissed for failing to state a potentially colorable claim for relief.

### C. Further Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of Plaintiff's failures to provide additional information about his claims despite specific instructions from the Court, further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Here, Plaintiff's allegations, at most, may establish negligence and, at the least, demonstrate a mere disagreement with his health care treatment, neither of which are sufficient to state an Eighth Amendment deliberate indifference claim. For this reason, further leave to amend the complaint should be denied.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 27, 2024**

UNITED STATES MAGISTRATE JUDGE