**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES GRZESLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRYAN D. PHILLIPS, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-0615 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DISMISSING THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 13) |

　　　　James Grzeslo seeks to hold Dr. Idalberto Zaldivar-Galves liable for deliberate indifference to Plaintiff's serious medical needs while housed at the Substance Abuse Treatment Facility and State Prison. (Doc. 11.) The assigned magistrate judge screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A(a). (Doc. 13.)

　　　　The magistrate judge found: "despite previous advisement and amendment, Plaintiff continues to present unsupported conclusory assertions of denial of medical treatment and/or assistance." (Doc. 13 at 4.) The magistrate judge observed, "The allegations merely suggest that Plaintiff disagrees with the medication and treatment being provided or not provided," and such disagreements "do not rise to the level of a constitutional violation." (*Id.*) To the extent Plaintiff also sought to hold Dr. Zaldivar-Galves liable for unauthorized practice of medicine, the magistrate judge found such a claim was not viable because "under California law, there is no private right of action for the unauthorized practice of law." (*Id.* at 4.) Therefore, the magistrate

1

1  judge found Plaintiff failed to state a cognizable claim and recommended the Court dismiss the
2  complaint. (*Id.* at 4-5.) In addition, the magistrate judge found further leave to amend was futile,
3  because Plaintiff was previously given "specific instructions from the Court" and failed to
4  provide additional information about his claims. (*Id.* at 6.)

5  Plaintiff filed objections to the Findings and Recommendations (Doc. 14), followed by a
6  "finalization" of his objections "on November 12, 2024 (Doc. 17). Plaintiff contends the
7  magistrate judge committed judicial misconduct by posting the Findings and Recommendations
8  on the Internet—including Google and Lexis—prior to Plaintiff receiving the document through
9  the prison's legal mail system. (Doc. 14 at 2, 5, 16.) In addition, Plaintiff asserts that he "is more
10 than highly qualified to … question Defendant" and his medical treatment, because Plaintiff "is
11 nearing his 50th anniversary in the medical-health care profession in the field of forensic
12 pathology and science." (*Id.* at 3, 4.) Plaintiff also recounts his medical history, including: a
13 dental procedure that caused a gran mal seizure, stroke, Bell's Palsy, and partial paralysis;
14 cervical radiculopathy; history of seizures for which he does not receive prescription medication;
15 hearing loss since 1983; Parkinson diagnosis that Plaintiff attributes to Agent Orange exposure
16 and toxic water at Camp Lejeune; edema in his right lower extremity; swollen right testicle; and
17 age-related glaucoma and cataracts. (*Id.* at 6-8.) According to Plaintiff, the magistrate judge
18 erred by finding the allegations at most amount to negligence. (*Id.* at 9.) In support of his
19 assertion that Defendant was deliberately indifferent, Plaintiff refers to several other actions
20 against Defendant filed in this Court and the treatment of another prisoner who is now deceased.
21 (*Id.* at 11-15; Doc. 17 at 2.)

22  As an initial matter, Plaintiff's assertion of misconduct by the magistrate judge and Court
23 is based upon a misconception related to the Court's electronic filing and service process.
24 Neither the magistrate judge nor the Court posted the Findings and Recommendations on the
25 identified websites. The Court merely electronically files its documents and does not control the
26 actions of third parties—such as Google and LexisNexis—who may access the public dockets,
27 retrieve documents, and post the rulings. Consequently, Plaintiff's allegations of misconduct are
28 plainly unfounded.

Plaintiff's objections do not meaningfully respond to the magistrate judge's finding that he fails to state a cognizable claim for deliberate indifference by Defendant. Although Plaintiff recites a significant medical history and numerous diagnoses, the magistrate judge did not find that Plaintiff lacked a serious medical need. Rather, the magistrate judge found Plaintiff failed to allege facts sufficient to support a conclusion that Defendant exhibited deliberate indifference to the identified medical needs. To the extent Plaintiff contends that he is qualified to question the treatment (as well as recommendations to other doctors or lack of treatment) by Defendant because of his experience in the health care profession, even differences of opinion between medical professionals generally do not amount to deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or treat a condition generally reflects such a difference of opinion and does not establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1977).

The cases cited by Plaintiff do not support a conclusion that he alleged sufficient facts to support a claim against Defendant. The Court's determination of whether a plaintiff stated a cognizable claim at the screening stage is constrained to the allegations of the complaint. *See Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012) (explaining that a determination of whether a plaintiff states a claim under Section 1915A applies the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Toward this end, the cases referenced are immaterial to the Court's analysis concerning the alleged deliberate indifference *towards Plaintiff* and the objections on these grounds are unavailing. Plaintiff does not identify any facts in his second amended complaint to support a claim for deliberate indifference. Finally, the Court notes Plaintiff does not dispute—nor otherwise address— the finding of the magistrate judge that he does not have a private right of action for his claim under California law related to the alleged unauthorized practice of medicine. (*See generally* Docs. 14, 17.)

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.

3

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations dated September 27, 2024 (Doc. 23) are **ADOPTED** in full.
2. Plaintiff's second amended complaint is **DISMISSED** without leave to amend, for failure to state a claim.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 26, 2025**

UNITED STATES DISTRICT JUDGE